*P. H. Lynch,* contra.

Per Curiam, January 21, 1902 :

The 20th section of the Act of May 19, 1897, P. L. 67, provides that at the expiration of ten days from the final decision of any cause by the Supreme Court or the Superior Court, the prothonotary thereof shall send back the record unless other steps be taken in the cause which shall require its detention. Ordinarily an application for the imposition of a penalty under section 21 should be made within that period. When it is delayed until after that period has expired, and the record has been duly returned to the court below, and is not before us for inspection, and the debt, interest and costs as taxed have been paid, it is questionable whether it does not come too late. To say the least, the fact that the appeal was sued out merely for delay ought to be free from doubt and the circumstances exceptional to warrant us in making the order prayed for in such a case.

Rule discharged.

---

## Manley *v.* Okell, Appellant.

*Appeals—Paper-books—Quashing appeal.*

An appeal will be quashed where there does not appear in the appellant's paper-book any " statement of the question involved," " assignments of error," or " exceptions " to the action of the lower court in refusing to set aside award of arbitrators.

Motion to quash appeal.

The following exceptions were filed to the appellant's paper-book.

1. No exceptions to the action of the court below appear in the paper-book of appellant as are required by Rule 27 of this court.

2. No assignments of error are set out in the paper-book of appellant as required by Rule 14.

3. No statement of the question involved appears in the paper-book of appellant as required by Rule 17.

*John G. McAskie,* for the motion.

*James J. O'Malley* and *George M. Okell,* contra.

Per Curiam, January 17, 1902:
Appeal quashed at bar.

----

# Commonwealth ex rel., Appellant, *v.* Johnston.

*Criminal law—Indictment—Felonious entry into a building.*

An indictment which charges that the prisoner, " with force and arms, feloniously did wilfully and maliciously enter the building of the Carnegie Steel Company, an association of limited partnership under the laws of this state, there situate, with intent to commit a felony in said building, contrary to the form," etc., is sufficient in substance under the Act of April 22, 1863, sec. 2, P. L. 531, which reads : " If any person shall in the day time, break and enter any dwelling house, shop, warehouse, store, mill, barn, stable, outhouse or other building, or wilfully and maliciously, either by the day or by night, with or without breaking, enter the same, with intent to commit any felony therein, the person so offending shall be guilty of felony." If the defendant desires more specific information as to the nature of the building, he may obtain it by proper application to the court for a bill of particulars. If he fails to do so and pleads, and goes to trial on the merits and is convicted, he cannot in a habeas corpus proceeding set up the insufficiency of the indictment as a ground for asserting that he is restrained of his liberty unlawfully and against due course of law.

Argued Dec. 2, 1901.   April T., 1902, No. 1.

Petition for rule for habeas corpus in case of Commonwealth ex rel. Alexander Bergman v. William Mc.C. Johnston, Warden of the Western Penitentiary of Pennsylvania.   Before Rice, P. J., Beaver, Orlady, W. W. Porter and W. D. Porter, JJ.

*John Marron,* of *Marron & McGirr,* for the relator.

*William B. Rodgers,* contra.

Opinion by Rice, P. J., January 21, 1902:
It appears by the petition and answer that the petitioner is